## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| **SHEDRICK D. ROSS** <br>     **LA. DOC #344749** | **CIVIL ACTION NO. 11-cv-1423** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **ALLEN PARISH JAIL** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Shedrick D. Ross, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on August 1, 2011.  Doc. 1.  At the time of filing, plaintiff was housed at Jackson Parish Correctional Center (JCC), Jonesboro, Louisiana.  He was subsequently transferred to Allen Parish Jail (APJ), Oberlin, Louisiana.

On April 13, 2012, this court issued a Memorandum Order [doc. 11] directing plaintiff to amend his deficient complaint.  Plaintiff was given (30) thirty days or until May 12, 2012 to amend his complaint.  On April 23, 2012, the Memorandum Order mailed to plaintiff was returned to the court as undeliverable.  Doc. 12.  The document was mailed to plaintiff at the last address supplied.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..."  The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v.*

-2-

*Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 630.

Plaintiff was directed to amend his complaint to provide additional information and he has failed to comply with the court's April 13, 2012 order.

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days."  More than thirty days have elapsed since the court's correspondence to plaintiff was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

-3-

the legal conclusions accepted by the District Court, except upon grounds of plain error.

*See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

THUS DONE this 12th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE